UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONLYWARE TECHNOLOGY CO., LTD., | Civil Action No.: 7:22-cv-10384 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| KEY DIGITAL SYSTEMS, INC., | |
| Defendant. | |

Plaintiff Tonlyware Technology Co., Ltd. ("Tonlyware" or "Plaintiff") by its undersigned counsel and for its complaint against Defendant Key Digital Systems, Inc. ("Key Digital" or "Defendant"), alleges as follows:

## INTRODUCTION

1. Tonlyware is a technology company based in Shenzhen, China that specializes in designing and manufacturing high end audiovisual and multimedia products, such as HDMI switchers and splitters that allow for multiple source devices to be connected to a single HDMI input. Tonlyware distributes its products internationally, including to distributors in the United States, including New York.

2. Key Digital is a Mount Vernon, New York based company that develops and purchases audiovisual and multimedia products from manufacturers such as Tonlyware for direct to consumer sales under the Key Digital brand name. Key Digital branded products are sold through online retailers such as Amazon and by large chain big box stores such as Best Buy.

3. From 2018 through 2021 Tonlyware was Key Digital's primary supplier of audiovisual and multimedia products. Beginning in June 2019, Key Digital defaulted on its

1

payment obligations and failed to pay Tonlyware for goods that Key Digital ordered, received, and later sold to consumers.

4. Despite Key Digital's failure to fulfill its payment obligations, Tonlyware continued to supply Key Digital with products based on representations made by Key Digital and its founder, Michael Tsinberg ("Tsinberg"), that Key Digital would bring its account current and that the two companies would continue their long-standing business relationship.

5. Tsinberg's representations were false and were made to induce Tonlyware to continue to supply product to Key Digital. Key Digital used Tonlyware as a credit facility to prop up its failing business. Moreover, Tsinberg and Key Digital made false representations to Tonlyware that Key Digital would bring its account current in order to induce a Tonlyware affiliate to invest $2 million in Key Digital.

6. Key Digital needed Tonlyware's products to maintain its market share and to keep its business operational. Key Digital used products received from Tonlyware and financing received from Tonlyware's affiliate to conceal what is now evident—Key Digital has for years operated a failing business that has no ability to pay its debts.

7. As a result of Key Digital's failure, Key Digital is liable for contractual damages in the amount of $2,605,697.41 plus prejudgment interest for unpaid goods and services. In addition, Key Digital is liable to Tonlyware for all ill-gotten profits earned from Key Digital's misappropriation of Tonlyware's products.

## **THE PARTIES**

8. Tonlyware is a foreign corporation organized and existing under the laws of China with its offices at 2/F, Block B, Building 5, Skyworth Innovation Valley, Tangtou 1st Road, Shiyan Str., Bao'an, Shenzen, Guangdong, China.

9. Key Digital is a domestic corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 521 East Third Street, Mount Vernon, New York 10553.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because Plaintiff is a citizen of China, a foreign state; Defendant is a citizen of New York state; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over Defendant, because Defendant is a domestic corporation organized and existing under the laws of the State of New York and maintains its principal place of business within the Southern District of New York.

12. Venue is proper in this District under 28 U.S.C. §1391(b)(1) because Defendant resides in this District, 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this District, and 28 U.S.C. §1391(b)(3) because Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

13. Tonlyware repeats and realleges the allegations contained in Paragraphs 1 through 12 herein with the same force and effect as if fully set forth herein.

14. Since 2018 Key Digital has ordered audiovisual and multimedia products from Tonlyware for sale to customers located in the United States, including New York.

15. Beginning in June 2019, Key Digital failed to pay Tonlyware for products ordered and delivered from Tonlyware to Key Digital.

16. Key Digital induced Tonlyware to continue to supply product to Key Digital through representations of imminent payment, and misrepresenting the state of Key Digital's business operations.

17. Beginning in 2018, Key Digital commenced discussions with an affiliate of Tonlyware, non-party Hongkong Corenex Technology Co. ("HK Corenex"), for HK Corenex to invest $2 million in Key Digital in the form of a convertible promissory note (the "Promissory Note"), which Promissory Note could, at HK Corenex's option, be converted into a 25% equity stake in a newly formed entity that would hold Key Digital's assets. The Promissory Note was signed on November 12, 2019.

18. Key Digital knew that it could not pay its ongoing obligations to Tonlyware, and for this reason Key Digital induced Tonlyware and HK Corenex to allow for $800,000 of the Promissory Note to be paid in the form of credits to Key Digital's account with Tonlyware. Tonlyware agreed to the credit terms based on ongoing representations made to it by Key Digital and Tsinberg that Key Digital was expanding its business operations and that the funds from the Promissory Note would be used to further establish Key Digital as a worldwide distributor of audiovisual and multimedia products. Unknown to Tonlyware was that Key Digital was already in financial distress and that Key Digital was raising funds not to expand its business, but merely to slow down Key Digital's collapse.

19. Had Tonlyware known that Key Digital was near insolvent at the time the Promissory Note was entered into, Tonlyware never would have agreed to extend a credit to Key Digital as part of the Promissory Note, and would not have continued to supply products to Key Digital.

20. Key Digital used Tonlyware as a line of credit to keep its failing business afloat. In or around December 2019, Tonlyware terminated its business relationship with Key Digital. Key Digital has made no efforts to perform the Promissory Note with HK Corenex and it has ignored Tonlyware's numerous demands for payment.

## FIRST CAUSE OF ACTION
### Breach of Contract

21. Tonlyware repeats and realleges the allegations contained in Paragraphs 1 through 20 herein with the same force and effect as if fully set forth herein.

22. Tonlyware is in the business of designing and manufacturing high end audiovisual and multimedia devices in China for customers around the world, including in New York.

23. Key Digital agreed to purchase product from Tonlyware to sell to customers in the United States, including New York. Products that Key Digital received from Tonlyware were sold to consumers in the United States, including New York, under the Key Digital brand name.

24. Tonlyware complied with its obligations and supplied products to Key Digital in accordance with Key Digital's orders.

25. Key Digital agreed to pay Tonlyware for the products Key Digital ordered from Tonlyware.

26. Tonlyware issued invoices to Key Digital for payment.

27. Key Digital has never challenged any of Tonlyware's invoices, nor has Key Digital disputed the amounts owed to Tonlyware.

28. In breach of its obligations, Key Digital has failed and refused to pay for products it ordered and received from Tonlyware.

29. As a result of Key Digital's breach, Tonlyware has suffered and will continue to suffer damages in an amount to be determined at trial but presently believed to be in excess of $2.6 million dollars, exclusive of penalties, interests and costs.

**SECOND CAUSE OF ACTION**
**In the alternative, Unjust Enrichment**

30. Tonlyware realleges and incorporates by reference the allegations set forth in Paragraphs 29 as if fully repeated and set forth herein.

31. From 2018 through 2021 Tonlyware supplied product to Key Digital for Key Digital to sell to consumers through Key Digital's network of retail relationships.

32. Key Digital received Tonlyware's products and later sold Tonlyware's products under the Key Digital brand name.

33. Key Digital marketed and sold the rebranded Tonlyware products to consumers, including consumers in New York.

34. Key Digital has been unjustly enriched by their misappropriation of Tonlyware's products, including all profits earned through the sale of Tonlyware's products.

35. It would be against equity and good conscience to permit Key Digital to retain what it has misappropriated from Tonlyware.

36. As a direct and proximate result of Key Digital's unjust enrichment, Tonlyware has been damaged in an amount to be determined at trial but presently believed to be well in excess of $2.6 million, exclusive of ill-gotten profits, interest and costs.

**WHEREFORE**, Plaintiff Tonlyware Technology Co., Ltd. respectfully requests that the Court enter a judgment in its favor and as against Defendant Key Digital Systems, Inc., as follows:

A. Compensatory damages;

B. Prejudgment and post-judgment interest;

C. Total damages in an amount to be determined at trial but presently believed to be at least $2,605,697.41;

D. Attorneys' fees and costs; and

E. Such other and further relief as the Court deems just and appropriate.

Dates: New York, New York
December 8, 2022

                                      **MEISTER SEELIG & FEIN LLP**

                                      By: */s/ Austin D. Kim*
                                              Austin D. Kim
                                      125 Park Avenue, 7th Floor
                                      New York, NY 10017
                                      Tel: (212) 655-3500
                                      Email: adk@msf-law.com

                                      *Attorneys for Plaintiff*